**Edgar Rolando MARROQUIN VELIZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73380.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 24, 2010.

Jaime A. Alcabes, Law Office of Jaime A. Alcabes, Oakland, CA, for Petitioner.

Edgar Rolando Marroquin Veliz, South San Francisco, CA, pro se.

OIL, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Edgar Rolando Marroquin Veliz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Ap-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir.2008), and we deny the petition for review.

The BIA, applying the "willfull blindness" test of acquiescence, found Marroquin Veliz failed to establish "that he is more likely than not to be tortured by, or with the acquiescence of, anyone within governmental authority" upon return to Guatemala. Substantial evidence supports the BIA's denial of CAT relief. *See Sinha v. Holder*, 564 F.3d 1015, 1026 (9th Cir. 2009); *Silaya*, 524 F.3d at 1070.

We reject Marroquin Veliz's contention that the agency ignored the evidence of country conditions in the Country Report because he has not overcome the presumption that the agency reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). We also reject Marroquin Veliz's contention that the BIA engaged in improper factfinding, because it is belied by the record.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.